## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 17 B 24815 |
| Latoya D. Stringer, ) | |
| ) | Chapter 13 |
| Debtor(s). ) | |
| ) | Honorable Jacqueline P. Cox |
| ) | |
| Beverly Bus Garage Federal Credit Union, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | |
| ) | Adversary No. 17 A 00556 |
| Latoya D. Stringer, ) | |
| ) | |
| Defendant(s). ) | |

### FINAL PRETRIAL ORDER

The following provisions will govern the future course of this proceeding. **FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN WAIVER OF CLAIMS OR DEFENSES, DISMISSAL, DEFAULT, EXCLUSION OR ADMISSION OF EVIDENCE OR OTHER SANCTION, AS JUSTICE MAY REQUIRE.**

**Continuances.** No continuance of the trial date will be granted except for good cause shown. Any motion for continuance must be presented, with proper notice, at least ten **(10)** days before the trial date.

**All submissions required by this order shall be served on all other parties on or before October 9, 2018** [1]  **Except for Trial Briefs (Paragraph 7), documents required to be submitted under this Final Pretrial Order shall not be filed with the Clerk of the Court unless the court so directs.** The "Pretrial Materials" submitted according to this Order shall consist of a **single, jointly-prepared document** which should provide a "road map" for the trial. The pretrial materials shall contain the following elements:

---

[1] The parties may agree, however, that voluminous exhibits and depositions which are readily identifiable by all parties need not be served. Proffering counsel has responsibility to solicit and obtain such agreement and shall so recite within its list of exhibits.

1. **Discovery.** Discovery is closed.

2. **Pleadings.** No party seeks to file any further pleadings.

3. **Potentially Dispositive Motions.** Any potentially dispositive motions must be filed and fully briefed no later than fourteen **(14)** days before trial.

4. **Trial Exhibits.** This submission shall be a complete list of trial exhibits, with objections identified and supported with authority parties wish the court to consider, and a copy of each exhibit. Each exhibit shall be identified by number, brief description, and, if dated, the date (*e.g.*, "Debtor's Ex. 5, Letter from debtor to ABC Bank, 12/5/97"). The copies of each exhibit shall be clearly numbered by tabs, in the probable order of presentation at the hearing.

To prepare the exhibit list the parties shall proceed as follows. At least **(10)** days before the date for submission of Pretrial Materials ("Submission Date"), each party shall serve on all other parties (1) a list of exhibits and a copy of each exhibit that the party intends to introduce, identified and pre-marked as indicated in the preceding paragraph. Any party opposed to the admission of a proffered exhibit shall serve, no less than **(5)** day(s) before the Submission Date, objections to exhibits specifying each ground on which admission of the exhibit is opposed, with authority on which the party relies. The parties shall then confer and resolve as many objections as possible. The Schedule of Exhibits contained in the Pretrial Materials shall identify the unresolved objections and the authority which each party wishes the court to consider. **Any proffered exhibit to which such an objection is not submitted will be received in evidence.**

5. **List Of Witnesses.** This submission shall be a complete list of the names of witnesses whom each party intends to call at trial. The list of witnesses should indicate "will call" and "may call" witnesses, to assist the court in estimating trial time.

At least **(10)** day(s) prior to the Submission Date, each party shall serve on all other parties a list of the names of the witnesses that party intends to call at trial, with a brief statement of the subject matter of each witness's expected testimony. Any party opposed to the admission of testimony set forth on a witness list shall serve, no less than **(5)** days(s) before the Submission Date, objections specifying grounds and authority therefore. The parties shall then confer in order to resolve as many objections as possible. **Any proffered witness to which such an objection is not submitted may be permitted to testify.**

The parties shall submit a list of all depositions or portions thereof to be read into evidence, with a transcript of the testimony to be read. The entire deposition transcript must be submitted. Deposition testimony proffered shall be highlighted in color. Any additional testimony of the same witness proffered by another party shall be highlighted in a different color.

The procedure set forth above for objecting to the admission of the testimony of a witness shall apply to objections to deposition designations.

Any expert witness must be identified on the witness lists as provided above, along with the expert witness's report prepared under Fed. R. Civ. Pro. 26(a)(2)(B). If no such report exists, the witness list shall include a statement of the subject matter on which such expert witness shall testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. Unless otherwise ordered, the procedure set out above for objecting to the admission of the testimony of a witness shall apply to objections to expert witnesses. If an objection is made, the court will allow the testimony of an expert who has not been disclosed and made available for discovery in accordance with Rule 7026(a)(2) only if the court finds, on motion of the proffering party **made in advance of the Submission Date**, that the simplicity of the issue concerning which the expert is proffered justifies non-compliance with Rule 26(a)(2).

**6. Motion in *limine*.** All motions to limit, to exclude, or to bar testimony of a witness, or to exclude deposition testimony, together with authority supporting such motion, must be filed on or before **October 9, 2018.** Responses are due seven (7) days thereafter. No replies should be filed.

**7. Trial Briefs.** On or before **October 9, 2018** each party must file and serve a trial brief. The page limit is fifteen (15) pages, unless the court orders otherwise. The brief must (1) describe what the party believes the evidence at trial will show, (2) identify the legal issues in each count of each party's pleadings, and (3) provide a thorough and complete legal argument, with citations to relevant legal authorities, supporting the party's contentions on the merits. Failure to file a trial brief will bar a party from presenting any evidence or participating at trial, or both.

**8. Proposed Findings Of Fact, Conclusions Of Law.** Proposed findings of fact and conclusions of law which set forth, in detail, the factual and legal propositions which the party believes require a ruling in its favor. Each proposed finding of fact shall include a reference to the exhibits and testimony that are expected to support the finding, and each proposed conclusion of law shall include a reference to supporting statutes and authorities. The court may, in addition, require closing arguments and/or post-hearing briefs.

**9. Joint List of Stipulated Facts.** To the extent reasonably possible, the parties must stipulate to facts and documents. No later than **October 9, 2018** the parties must file with the court a joint list, signed by counsel, stating all facts and documents to which the parties have stipulated. The stipulations are deemed admitted into evidence.

    **10. Compliance with this Order.** Failure to comply with the Order will result in the imposition of appropriate sanctions. Sanctions include, but are not limited to, the following:

    a.    Any exhibit not listed and exchanged in accordance with this Order may not be admitted into evidence. A party who fails to exchange and file the list of exhibits that this Order requires may be precluded from introducing any exhibits into evidence.

    b.    Any witness not identified and listed in accordance with this Order will be barred from testifying at trial. A party who fails to exchange and file with the court the list of witnesses that this Order requires may be barred from presenting any witnesses.

    c.    Any legal claim, theory or argument not raised and thoroughly discussed in a party's trial brief with appropriate citations to legal authority will be deemed waived. The claim will not be considered, and no evidence relevant to it will be admitted. ***SNC Nut Co. v. Haagen-Dazs Co., 302 F.3d 725 (7th Cir. 2002).*** Failure to file a trial brief will bar a party from presenting any evidence or participating at trial, or both.

    11.    The Final Pre-Trial hearing is set for **October 16, 2018** at **10:30 a.m.**

    12.    This matter is set for Trial **October 25, 2018 at 1:00 p.m. and October 26, 2018 at 10:00 a.m.** at the United States Courthouse, 219 South Dearborn Street, Courtroom 680, Chicago, Illinois; at the court's discretion, the trial will continue from day to day until completed.

Date: 3/5/18

ENTERED:

J.P.Cox

_____
**Jacqueline P. Cox**
**United States Bankruptcy Judge**